DIETZ, Judge, concurring.
I concur in the judgment. There is no evidence, much less "substantial evidence" to suggest that the fingerprint "could only have *365 been impressed at the time the crime was committed." State v. Irick , 291 N.C. 480, 492, 231 S.E.2d 833, 841 (1977). The victim carried his backpack around with him in public, and any number of people could have touched it in any number of public places.
Thus, under Irick, the fingerprint evidence was sufficient to survive a motion to dismiss only if "other circumstances tend to show that defendant was the criminal actor." Id. But the only "other circumstances" tying Todd to the robbery is his coincidental traffic stop, one month after the crime, on a dead-end road just a few hundred yards from where the robbery occurred. That, and the fact that Todd was an African-American man, as was the alleged perpetrator.
These facts alone cannot be enough to constitute "other circumstances" under Irick. If they were, then fingerprint evidence would be admissible against anyone who shared the same race and gender as the perpetrator, and who lived near the scene of a crime, even if there was no evidence that the fingerprint was impressed at the time of the crime. And this, of course, wholly undermines the rationale of Irick.
Still, it seems that the outcome here may not be what our Supreme Court intended when it established this fingerprint rule in cases like Irick. Suppose, for example, that instead of the fingerprint, it was some other circumstantial evidence, such as a witness who later saw the defendant with some of the items stolen from the victim. That evidence, combined with the coincidental stop nearby, and the fact that he matched the race and gender of the alleged perpetrator, would be sufficient to survive a motion to dismiss. See State v. Maines , 301 N.C. 669, 673, 273 S.E.2d 289, 293 (1981). Indeed, in those circumstances, the law actually creates a presumption that the defendant stole the items-a presumption that is "strong or weak depending on the circumstances of the case." Id.
It may be that our Supreme Court intended for Irick to be broader than this Court reads it. For example, in a case like this one, where the fingerprint match is relatively strong, perhaps the "other circumstances" tying the defendant to the crime can be much weaker yet still satisfy the Irick standard. This Court quite frequently entertains appeals challenging the admission of fingerprint evidence under Irick. See , e.g. , State v. Martin , 2016 WL 1745224, --- N.C.App. ----, 786 S.E.2d 432 (N.C. Ct. App. May 3, 2016) (unpublished); State v. Dawson , 2016 WL 3889912, ---N.C.App. ----, --- S.E.2d ---- (N.C. Ct. App. July 19, 2016) (unpublished). Guidance from our State's highest court would benefit us as we review these frequently raised issues.